NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 25, 2009[*]
Decided March 26, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2946

| | |
|---|---|
| JAMES E. MCROY | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 08 C 2741 |
| MICHAEL F. SHEAHAN, et al., | |
|     *Defendants-Appellees.* | Ruben Castillo, |
| | *Judge.* |

**O R D E R**

James McRoy appeals the dismissal, on untimeliness grounds, of his civil rights complaint alleging that prison officials were deliberately indifferent to his safety when he was attacked by a fellow inmate. We affirm.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

This suit is procedurally complicated because McRoy's allegations are intertwined with another complaint that he previously filed in May 2006. In that complaint he alleged that he contracted hepatitis B while in jail, and that the defendants either failed to vaccinate him when requested or failed to treat him after he contracted the virus. The district court recruited counsel to represent McRoy, but two separate counsel withdrew, and so in November 2007 the court allowed McRoy additional time to amend his complaint to explain why each defendant might be liable. The following month he amended his complaint to implicate additional prison officials (he named more than fifty) and to elaborate upon their general ineffectiveness in protecting him from the virus , but he also added an entirely new claim—that the officials had been deliberately indifferent to an assault made upon him more than three years earlier, in June 2004. According to McRoy, officials had instituted a policy prohibiting inmates from spending all day in their cells; as a result of being forced out of his cell for part of the day, he says, he was left vulnerable to attack, and indeed was attacked by another inmate wielding a steel crutch and broom taken from the medical unit.

The district court screened the complaint under 28 U.S.C. § 1915A and again noted defects—the complaint, for instance, asserted unrelated claims against different defendants. The court dismissed the complaint without prejudice and invited McRoy to submit, within 30 days, a second amended complaint asserting only related claims and alleging how each defendant was responsible for each claim. The court also alerted McRoy that the statute of limitations applicable to claims brought under 42 U.S.C. § 1983 in Illinois is two years, and that mere negligence is insufficient to support a § 1983 claim.

In May 2008, McRoy again amended his complaint; he excised any reference to the assault and confined his claim to alleging only deliberate indifference in his contracting the hepatitis B virus. The court eventually dismissed the complaint with prejudice for failure to state a claim. *McRoy v. Sheahan*, No. 06 C 3033 (N.D. Ill. Jan. 8, 2009).

The circumstances surrounding the assault, however, became the basis of a new complaint (and the subject of this appeal) that McRoy filed also in May 2008. In this complaint, McRoy renewed his claim that jail officials acted negligently and with deliberate indifference to his safety when their poor security practices led to an attack by a fellow inmate. The district court, suspecting that the suit was barred under the two-year statute of limitations for § 1983 actions filed in Illinois, ordered McRoy to show cause why his complaint concerning events more than four years earlier should not be summarily dismissed as time-barred. McRoy responded that his complaint was timely because he first sued under § 1983 as early as May 2006, which was less than two years after his assault in June 2004.

The court disagreed, finding that the newly filed complaint did not relate back to the May 2006 complaint because it did not arise out of the same transaction or occurrence. That earlier complaint dealt solely with allegations about the contracting of hepatitis B; it neither mentioned the inmate attack nor explained how any of the defendants might have been responsible in allowing the attack to occur. Because the allegations regarding the attack did not arise from the same transaction or occurrence mentioned in that earlier complaint, the new complaint was untimely and had to be dismissed. The court denied McRoy's subsequent motion under Federal Rule of Civil Procedure 59 (e) to alter or amend the judgment.

On appeal, McRoy renews his contention that his complaint is timely because his claims regarding the assault in June 2004 relate back to the complaint he filed in May 2006. McRoy, however, misunderstands the concept of relation back. Under Illinois law (the relevant state law here, *see* FED. R. CIV. P. 15(c)), an amended complaint relates back to the original complaint only if the new claim arises from the same transaction or occurrence. 735 ILCS 5/2-616(b); *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787-88 (7th Cir. 2006) (citing *Chandler v. Ill. Cent. R.R. Co.*, 798 N.E.2d 724, 732-33 (Ill. 2003)). But McRoy's new complaint concerns the attack in June 2004, whereas the May 2006 complaint targeted McRoy's contracting of hepatitis B. Because the new complaint did not relate back to the earlier complaint, the district court did not err in finding it untimely.

AFFIRMED.